Green, J.
delivered the opinion of the court.
The defendant, Jesse Allison, (together with two others,) was indicted for a riot in the Sullivan county court. After being arraigned, Jesse Allison pleaded not guilty, and was put upon his trial separately. The jury found a verdict, “that the defendant is guilty in manner and form, as charged in the bill of indictment.” On a subsequent day of the term, another of these indicted with Allison, was tried and acquitted. Whereupon, (no judgment having been pronounced upon Allison,) reasons in arrest were filed; andón motion, the judgment was arrested. The attorney general appealed to this court. The question is now presented, whether the subsequent acquittal of one of those indicted with him, was a sufficient reason to arrest the judgment in the case of Allison.
In the case of R. vs Scott and Haws, 3 Burrow’s Rep. 1264, six were indicted for a riot; two were dead, not having been tried, and the other four being put on their trial jointly, two were found not guilty; the court proceeded to pronounce judgment on the two who were *429 convicted; Lord Mansfield observing, that the jury must have found these two guilty, together with the two who were dead.
In the case of the State vs Pugh and others, (2 Hay. Rep. 55,) the defendant was indicted, together with two others, one of whom had not been taken. The defendant was tried and found guilty; and the court, on the authority of the case in Burrow, gave judgment against him, on the ground that the jury must have found him guilty, together with the two who had not been tried.
These cases establish the principle, that if one rioter be tried and found guilty, (the others not having been tried,) judgment may be given against him; the reason is, that the jury trying one, and finding him guilty, do pronounce, by that verdict, that three are guilty of a riot. The jury trying Allison, have said that he is guilty of a riot; and as to constitute a riot, three must be guilty, this verdict must pronounce him guilty, together with the two who were not tried, who were also guilty. It follows from what has been said, that upon the return of the verdict of the jury, in the case of Allison, it would have been perfectly competent for the court to have proceeded to judgment upon it. If this be so, how could the subsequent trial and acquittal of the other affect the case of Allison? He had chosen a separate trial; the jury of his own selection had said a riot had been committed, and that he was guilty. He must abide the decision of his own jury, notwithstanding another jury may have entertained a different opinion.
Reasons in arrest of judgment must be found in the record of the case itself. 1 Chitty’s Crim. Law, 539, 549. The court cannot look to extrinsic facts for these reasons. Now, although the three are charged in the same indictment, yet, whenever they plead, and are tried separately, the plea, verdict and judgment, in re *430 lation to one, constitutes an entirely separate and distinct record from that of the other. In arresting the judgment in this case, the court has been compelled to inspect the record in a case wholly distinct from it. In doing this it manifestly erred.
Judgment reversed.