## CHARLES V. BEMIS *vs.* INHABITANTS OF ARLINGTON.

A town is not liable under Gen. Sts. *c.* 44, § 22, to one whose horse, frightened by an object
  within the limits of the highway, springs aside and is injured by collision with a passing
  carriage driven upon the proper side of the road; although upon the other side of the car-
  riage, so that it cannot be driven at a greater distance off, is a ridge which is a defect in
  the highway.

An object within the limits of a highway which causes a horse to spring aside and thus
  suffer damage, is not a defect for which a town is liable under Gen. Sts. *c.* 44, § 22.

TORT for damage caused to a horse by a defect in the highway.
At the trial in the Superior Court, before *Dewey*, J., the plaintiff
offered evidence to show that a carriage occupied by his two
daughters, and driven by one of them, who was an experienced
and careful driver, was moving at a moderate rate towards the
village of Arlington, along a road which the defendant town was
bound to keep in repair; that when the horse was opposite the
carriage of one Rockwell, which was being driven in the opposite
direction, he swerved a foot or two from the direct course to the
left hand, being frightened at some large stones within the limits
of the highway, and immediately adjacent to the travelled track,
which were partly concealed by the high grass; that the horse
was immediately brought to his former position; but that in the
movement to the left, his hind leg was brought against and inside
of the front part of the hind wheel of Rockwell's carriage and
much injured; that there was a rounded ridge running length-
wise of the road, beyond, and immediately adjacent to the wheels
of the Rockwell carriage, on the opposite side from the plaintiff's
carriage, made by filling a trench in which a water pipe had been
recently laid, which ridge projected in the centre about a foot
above the surface of the road, and which, as the plaintiff claimed,
rendered it unsafe to turn out farther than the Rockwell carriage
had gone; that both the stones and the ridge had remained as
they were at the time of the accident, for several days before it
took place; that if the horse had not swerved as described, the
carriages might have passed with a space of about a foot be-
tween them; that the young lady driving knew that the road at
the place of meeting was greatly narrowed by the obstructions

referred to, and was taking unusual care, being as close to the right hand side of the roadway as she could get, and was driving at a walk at the time of meeting.

On this evidence, the defendants contended that the plaintiff could not maintain the action, and at the request of the parties, the question was reserved for the determination of this court. If the evidence was not sufficient to authorize the jury to find a verdict for the plaintiff, judgment was to be entered for the defendants ; otherwise the case was to stand for trial.

*D. A. Gleason & C. A. Phillips*, for the plaintiff.

*G. O. Shattuck & W. A. Munroe*, for the defendants.

DEVENS, J. It was decided in *Stone* v. *Hubbardston*, 100 Mass. 49, that " the fact that a horse starts or shies at an object in the highway, (whether such object is or is not a defect in the way,) and is thus brought in contact with a defect, arising either from want of proper repair in the surface of the highway or of sufficient railing at the side of it, is not conclusive against the right of the driver to recover damages against the town for an injury thereby resulting to him." It was further held that a horse well broken and adapted to the road, who swerves or shies from the direct course, is not in any just sense to be considered as escaping from the control of the driver if he is in fact only momentarily uncontrolled, and that if, while so swerving or shying, he is brought in contact with a defect in the road and injured thereby, his owner may recover damages for such injury. The principle of this decision was re-affirmed in *Babson* v. *Rockport*, 101 Mass. 93. It is claimed by the plaintiff that his case comes precisely within those cases, but it obviously goes further, and requires us to hold that under such circumstances as have been stated, if the horse is brought in contact, not with the defect, but with another carriage rightfully in the road between the horse and the defect, but nearer to the horse than perhaps it would have been but for the defect, then the owner may recover. Upon the testimony in the present case, assuming that the ridge in the highway was a defect, yet it does not appear but that the Rockwell carriage was to the right of the middle of the travelled part of the road, and where it legally might have been, had there

been no such defect. It was not the duty of the drivers to keep the entire width of the road between their carriages, and to drive each as far over as possible upon his own side of the road. The full strength of the plaintiff's case, then, is that but for this ridge which compelled the Rockwell carriage to be driven as near as it was, it may be that it would have been driven at a greater distance, and in such case the plaintiff's horse in shying would not have come in contact with it. As, however, the Rockwell carriage could have been driven rightfully where it was driven, it may also be that even if the road had been in no degree narrowed by the ridge, the accident would still have occurred. The liability of towns is a limited one, and to enable the plaintiff to recover, it must be shown that the defect in the highway was the sole cause of the injury. *Murdock* v. *Warwick*, 4 Gray, 178. *Marble* v. *Worcester*, 4 Gray, 395, 402. *Hixon* v. *Lowell*, 13 Gray, 59, 64. *Babson* v. *Rockport, supra.* Upon this evidence we are of opinion that the jury would not have been warranted in finding a verdict for the plaintiff, and that it fails to show that the defect was the sole cause of the injury.

It was suggested in the argument that whether the stones which were within the limits of the highway, but not within the travelled track, at which the horse actually was frightened, were objects calculated to frighten a horse, and thus constituted a defect, was a question which should have been left to the jury. But it is well settled that an object even within the limits of the travelled way, which may frighten horses, and is likely to do so, but is not otherwise an obstruction to travel, is not a defect within the meaning of the statutes requiring towns to keep their ways in repair. *Keith* v. *Easton*, 2 Allen, 552. *Kingsbury* v. *Dedham*, 13 Allen, 186. *Cook* v. *Charlestown*, Ib. 190 ; 98 Mass. 80.

Upon the agreement of parties, there must therefore be

*Judgment for the defendants.*