HORATIO BENNETT *et ux. vs.* MOSES FIFIELD, Town Treasurer of Warwick.

If an object calculated to frighten horses is left in a highway, and after reasonable notice negligently permitted to remain there by the town charged with the repair of the highway, such town is in Rhode Island liable for the injury sustained by a traveller whose horse is actually terrified by such object and runs away.

A. left such an object in a highway; B.'s horse was frightened by it; B. sued A. for the injury caused by the nuisance, recovered judgment, and committed A. on execution. A. was discharged under the United States Bankrupt Act; B. then sued the town.

*Held,* that A. and the town were not joint tort-feasors. A. being liable at common law; the town for the neglect of a statutory duty.

*Held,* further, that A. and the town were liable for distinct though related torts resulting in the same injury.

*Held,* further, that B.'s action against the town could be sustained.

TRESPASS ON THE CASE. On demurrers to the declaration and to a special plea in bar.

*Providence,* October 30, 1880. DURFEE, C. J. The demurrers present two questions. The first is whether, if an object which is calculated to frighten horses is left in a highway and is negligently permitted to remain there by the town charged with the repair of the highway after reasonable notice, the town is liable, in case the horse of a traveller is actually frightened by it and runs away, for the injury which ensues. This question has been decided negatively in Massachusetts, the courts of that State holding that the town is not liable for injury resulting from fright without collision with the object, and affirmatively in several other New England States, and in one western State. The Mas-

sachusetts cases cited for the defendant are *Kingsbury & Wife* v. *Inhabitants of Dedham*, 13 Allen, 186 ; *Cooke & Wife* v. *City of Charlestown*, 98 Mass. 80; *Bemis* v. *Arlington*, 114 Mass. 507 ; *Cook* v. *Inhabitants of Montague*, 115 Mass. 571. The cases from other States cited by the plaintiff are *Morse & Wife* v. *Richmond*, 41 Vt. 435 ; *Winship* v. *Enfield*, 42 N. H. 197, 217 ; *Chamberlain* v. *Enfield*, 43 N. H. 356, 360 ; *Bartlett* v. *Hooksett*, 48 N. H. 18 ; *Dimock* v. *Town of Suffield*, 30 Conn. 129 ; *Ayer* v. *City of Norwich*, 39 Conn. 376 ; *Young* v. *City of New Haven*, 39 Conn. 435 ; *Foshay* v. *Town of Glen Haven*, 25 Wis. 288. We agree with the cases last named, and therefore, for the reasons given in them without repeating them, we decide the first question in the affirmative.

The second question comes up in this way. The object complained of was three flat cars loaded with immense iron castings which one Lovell had temporarily left in the highway over which he was moving them to their place of destination. The plaintiffs formerly brought their action against Lovell,[1] as the author of the nuisance, and recovered judgment against him, on which they took out execution and had him committed to jail ; after which Lovell applied for the benefit of the United States Bankrupt Act, and was discharged, the plaintiffs having proved their judgment as a claim against .him. The. defendant town pleads these proceedings in bar of the present action. Its counsel contends that Lovell is to be regarded as a joint tort-feasor with the town, and that Lovell being so regarded, the proceedings being duly pleaded constitute a perfect estoppel. If we agree with the counsel that Lovell and the town are to be regarded as joint tort-feasors, we cannot disagree with him in his conclusion without overruling the decision of this court in *Hunt* v. *Bates*, 7 R. I. 217. We are, however, very clearly of the opinion that Lovell and the town cannot in any sense be regarded as joint tort-feasors. The torts which are imputed to them respectively are distinct. The tort with which Lovell is charged, and for which he was sued, is a tort at common law. The tort with which the town is charged is the neglect of a statutory duty. It would be

---

[1] See *Bennett* v. *Lovell*, 12 R. I. 166.

impossible to declare against them jointly if they were jointly sued, for there was no community of wrong-doing between them. It is true there is a relation between the torts, inasmuch as without the tort committed by Lovell, the statutory duty, which the town is accused of neglecting, would never have devolved upon it. In consequence of this relation the town, if forced to pay for the injury, will have an action over against Lovell. If Lovell and the town were joint tort-feasors, no such action could be maintained. They are, or rather were originally, supposing the town to have been neglectful, not jointly, but collaterally liable by reason of distinct though related torts, for the same injury, and therefore the injured parties, until indemnified, are entitled to look to either of them remaining undischarged, for their damages.

The decision of the court therefore is that the demurrer to the declaration must be overruled, and that the demurrer to the special plea in bar must be sustained, and the plea overruled.

*Nathan W. Littlefield,* for plaintiffs.

*Browne & Van Slyck,* for defendant.