CONELLY  v.  NASHVILLE.

(*Nashville.*   January  19,  1897.)

MUNICIPAL CORPORATIONS.    *Not liable for its employe's negligence, when.*

A city is not liable for negligence of the driver of a street sprinkling cart in colliding with and overturning a buggy, thereby injuring its occupant.   The employe is, in such case, engaged in the performance of a governmental, not of a mere ministerial, duty.

Cases cited: Memphis v. Kimbrough, 12 Heis., 134; Pesterfield v. Vickers, 3 Cold., 205; Davis v. Knoxville, 90 Tenn., 599; 17 Gratt., 375; 13 R. I., 454; 62 N. Y., 160; 78 Me., 118; 40 Conn., 72; 62 N. H., 8.

FROM  DAVIDSON.

Appeal  in  error  from  Circuit  Court  of  Davidson County.    JOHN⋆ W.  CHILDRESS,  J.

E.  A.  PRICE  and  J.  W.  MOORE  for  Conelly.

J. B.  KEEBLE  for  Nashville.

BEARD, J.   In  this  cause  the  plaintiffs  seek  to recover  damages  for  a  personal  injury  sustained  by Mrs.  Conelly,  the  result,  as  is  alleged,  of  the  negligence  of  one  of  the  defendant's  servants.   The  declaration  avers  that  while  Mrs.  Conelly  was  sitting  in

her buggy, which was standing near the sidewalk of one of the streets of the city of Nashville, a driver of a sprinkling cart, engaged in the service of the city, negligently collided with the wheels of the buggy, so that the animal attached thereto taking fright, in his movements overturned the buggy and inflicted the injury complained of.

The demurrer to the plaintiff's declaration, presented as an issue of law, that the duty which the city was discharging at the time of the accident was a public one, and that the negligence of the agent, in the course of its performance, though resulting in injury to Mrs. Conelly, was not chargeable to the city.

It is insisted the trial Judge was in error in sustaining this demurrer.

The authorities recognize the difference between governmental duties, or those duties the municipality owes the public, and corporate or ministerial duties, in the discharge of which the individual citizen is interested. For any injury consequent upon the negligence of the municipal agent in discharging duties of the first class, the corporation is not liable, but it is otherwise as to the result of neglect in the performance of duties of the second class.

It is a difficult matter, by a definition, to distinguish these duties, and it has been said that, after all, each case, as it arises, must be largely determined on its own facts. While this is true in a degree, yet it is well settled that there are certain groups

of cases within which cities are, and others in which they are not, liable for the torts of their agents. For instance, a municipal corporation, as is agreed by a majority of the Courts, is liable for injuries resulting from defective streets, this liability resting upon the corporate obligation to build and keep in repair its highways. *Lasser* v. *City of Memphis.* It is also liable for the negligence of its agents in those cases where the municipality derives revenue or emoluments—as in *Memphis* v. *Kimbrough*, 12 Heis., 134, where the city collected wharfage from steamboats, and yet permitted to remain on the wharf an iron casting, against which, while concealed by high water, a vessel ran and was wrecked.

On the other hand, it has been held that no action will lie against a municipal corporation for the torts of its police officers or the unlawful refusal of its Recorder to accept bail (*Pesterfield* v. *Vickers*, 3 Cold., 205), or for an injury resulting to one prisoner from the assault of other prisoners confined in the same calaboose (*Davis* v. *Knoxville*, 6 Pickle, 599), or for the loss of a slave placed by his master in a city hospital to be treated for small-pox, but who, through the negligence of his attendants, escaped and died from exposure (*City of Richmond* v. *Lory Aden*, 17 Gratt., 375), or for an injury to a pupil from defective heating apparatus in a public school (*Wixon* v. *Newport*, 13 R. I., 454), or for the negligence of an ambulance driver (*Maximilcan* v. *New York*, 62 N. Y., 160), or for the dam-

age inflicted by a hook and ladder company while driving rapidly along a public street to a fire (*Burrill* v. *Augusta*, 78 Maine, 118), or for neglect in the matter of inspection, by an officer charged with such duty as to stationary steam boilers, although a city ordinance, under the charter, imposed a penalty on any person using such a boiler before inspection (*Mead* v. *New Haven*, 40 Conn., 72), or for an injury to a traveler caused by his horse taking fright at a stream of water thrown from a hydrant by firemen for the purpose of testing its capacity (*Edgerly* v. *Concord*, 62 N. H., 8).

These cases all rest on the principle that the municipality, in each one, at the time of the injury complained of, was engaged in the discharge of a governmental duty, as contradistinguished from one that is purely corporate or ministerial.

The case at bar falls, we think, clearly within this class. The right or power of the corporation of Nashville to sprinkle its streets does not rest, as was argued at the bar, upon Subsection 9 of Section 17 of its charter, which authorizes the city "to make appropriations to open, alter, abolish, widen, extend, . . . clean, and keep in repair, streets," etc., but rather upon Subsection 7 of Section 17, which provides that the corporate authorities may "make regulations to secure the general health of the inhabitants, and to prevent and remove nuisances."

An ordinance of the city directing the sprinkling of the streets in pursuance of this charter provision,

is one that is sanitary in its character, passed in view of the health and comfort of the general public. While engaged in doing work under such an ordinance, the municipality is discharging a governmental duty, and is not responsible for the carelessness of the agent or agencies so employed.

The judgment of the lower Court is affirmed.