## HERMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.　December 1, 1911.)

1. MUNICIPAL CORPORATIONS (§ 762*)—TORTS—INJURIES.

　　Where there is no showing that a city authorized an awning in front of a theater, it cannot be made liable, on a theory of nuisance, for an injury resulting therefrom, since, as the city neither created nor maintained it, any liability for a failure to remove it as an obstruction rests upon negligence.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1605–1611; Dec. Dig. § 762.*]

2. MUNICIPAL CORPORATIONS (§ 762*)—TORTS—INJURIES.

　　Under Greater New York Charter (Laws 1901, c. 466) § 50, the city is given power to authorize by general ordinance the maintenance of awnings, and it cannot, therefore, be charged for an injury from an awning in front of a theater, on the theory that its maintenance was a nuisance, which the city authorized by acquiescence in its use.

　　[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 762.*]

3. MUNICIPAL CORPORATIONS (§ 779*)—TORTS—NEGLIGENCE.

　　A city is not obliged to remove every obstacle from its sidewalks, but only those from which danger to the public may reasonably be apprehended, so that, where it is sought to charge a city on a theory of negligence in failing to cause the removal of an awning in front of a theater, by which the person complaining was injured, and the awning is shown to be one of such as are in common use, and no accident appears to have hitherto resulted therefrom, no liability is established on such theory.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1633; Dec. Dig. § 779.*]

Appeal from Trial Term, New York County.

Action by Frances C. Herman against the City of New York. From a judgment for the plaintiff, and an order denying a new trial, defendant appeals.　Judgment and order reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Clarence L. Barber, for appellant. ·
Edwin S. Merrill, for respondent.

MILLER, J.　The plaintiff has recovered a verdict for injuries alleged to have been caused by stumbling over an awning brace in front of the Colonial Theater, between Sixty-Third and Sixty-Fourth streets, on Broadway, as she was about to enter the theater.　A photograph of the awning is in the record, and it appears to have been the sort of awning to be seen in the city of New York in front of theaters, shops, hotels, churches, and frequently in front of private residences.　The complaint was framed on the theory both of nuisance and negligence; but, during the trial, the plaintiff elected to try the case on the theory of nuisance, and the case was submitted to the jury to find a verdict for the plaintiff in case they found that the accident happened as testified to by her, that the awning over ·the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

walk was in fact a nuisance, and that the city had notice of it, express or implied.

[1, 2] It is unnecessary to determine whether the awning, if unauthorized, was a nuisance, for the city had not created and did not maintain it. The liability of the city for failure to remove obstructions in the street depends upon its negligence. It is plain that the city could have authorized the maintenance of this structure (section 50, Greater New York Charter [Laws 1901, c. 466]; Hoey v. Gilroy, 129 N. Y. 132, 29 N. E. 85), and it cannot be held liable on the theory of authorization by acquiescence, even if mere acquiescence were otherwise sufficient.

[3] If the awning were dangerous to pedestrians using the sidewalk, the city might be held liable for negligence in failing to cause its removal. Hume v. Mayor, 74 N. Y. 264. Awnings like the one involved in this suit serve a convenient and useful purpose. We know that they are in common use in this city, and so far as appears by this record no accident has heretofore resulted therefrom. The municipality is not obliged to remove every obstacle from the sidewalk but only those from which danger may reasonably be apprehended. Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, 55 Am. Rep. 804. We think that the plaintiff failed to establish liability on either theory.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.