## Harbin *v.* Smith.

*(Knoxville,* September Term, 1934.)

Opinion filed November 30, 1934.

Joe Frassrand and Harry Hite, both of Chattanooga, for plaintiff in error.

Cantrell, Meacham & Moon, of Chattanooga, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiff sued in an action of damages for personal

injuries caused by a defect in the sidewalk fronting defendant's property in the city of Chattanooga. It is charged in the declaration that the defendant maintained the sidewalk in such manner that roots of trees between the sidewalk and curbing spread beneath the concrete surface of the walk and elevated one of the sections of concrete about two inches above the other, thus producing an obstruction against which plaintiff stumbled, fell, and was injured.

The declaration contained two counts. The first charged negligence upon the theory that there was a common-law liability for defendant's failure to maintain the sidewalk. The second count rested the action upon the alleged violation of the ordinance of Chattanooga which provides:

Section 1. "The absence of a paved sidewalk upon any street within the corporate limits of the City which may have been brought to an established or adopted grade, or a defect in any existing sidewalk of such character as to make the use thereof by the public attended with danger of personal injury, of discomfort or of inconvenience, is hereby declared to be and to constitute a public nuisance, for which the owner of the property in front of which such nuisance may exist, or the resident agent of such owner, if the latter be a nonresident, having charge of such property, is hereby responsible."

Section 2. "The failure on the part of the owner, or his or her agent having charge of the property on which a nuisance of the character set forth in the foregoing section is found to exist, to abate the same before the expiration of the notice to do so from the police, or other department of the City, shall constitute a mis-

demeanor, and the person convicted thereof shall be punished by a fine of not less than $2.00 nor more than $10.00, at the discretion of the City Judge, for each and every day such nuisance may exist.''

The trial judge sustained the defendant's demurrer to plaintiff's declaration, and plaintiff appealed and insists that the defendant, as the abutting property owner, is liable for the injuries caused by the defect in the sidewalk. No common-law duty rested upon the defendant to keep the sidewalk in repair, and he could not be held liable to travelers for injuries caused by defects which he had no part in creating. McQuillin's Municipal Corporation, sec. 1826; Elliott on Roads and Streets (3 Ed.), secs. 898, 899. Nor could such a liability grow out of a statute or ordinance that merely required abutting property owners to repair sidewalks in front of their premises. This is so because the primary obligation to keep sidewalks in safe repair rested upon the municipality. The defendant had only an easement of access over the sidewalk. *Patton* v. *Chattanooga*, 108 Tenn., 197, 65 S. W., 414. Beyond that he had no power of control and no right of use not assured to all other citizens. *State* v. *Stroud* (Tenn. Ch. App.), 52 S. W., 697. The city held the sidewalk as an easement in trust for the public use. *State* v. *Taylor*, 107 Tenn., 455, 64 S. W., 766.

The power of the municipality to control the sidewalk was absolute and was attended by an obligation to keep it in repair, either directly through its own resources or indirectly through measures designed to impose the expenditure for maintenance upon adjacent owners. For any omission of that duty resulting in injury to a traveler, the municipality was primarily liable.

It could not shift that responsibility by ordinance to the abutting property owner without regard to the ability of such owner to compensate persons injured by the municipality's failure to perform its duty.

The weight of authority and of sound reason is that a municipality cannot shift its primary liability for an omission of duty to keep streets and sidewalks reasonably safe, and statutes and ordinances requiring abutting property owners to maintain sidewalks adjoining their premises do not operate to impose liability directly upon such owners for injury resulting to travelers in consequence of the municipality's omission of duty. Annotation, 41 A. L. R., p. 217; *Hay* v. *Baraboo*, 127 Wis., 1, 105 N. W., 654, 3 L. R. A. (N. S.), 84, 115 Am. St. Rep., 977; *Hanley* v. *Fireproof Building Co.*, 107 Neb., 544, 186 N. W., 534, 24 A. L. R., 382; *City of Rochester* v. *Campbell*, 123 N. Y., 405, 25 N. E., 937, 10 L. R. A., 393, 20 Am. St. Rep., 760.

We find no discussion in our cases of the question of whether or not a municipality could shift its municipal obligation under such circumstances. In *Schmalzried* v. *White*, 97 Tenn., 45, 36 S. W., 393, 32 L. R. A., 782, and *Weeks* v. *McNulty*, 101 Tenn., 504, 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693, and similar cases, the question of whether particular ordinances enjoined duties only to the municipality, or were designed for the benefit of individuals composing the public, is discussed. But those cases are not directly in point and do not determine the question before us. We think it clear that the duty imposed by this ordinance was for the benefit of the municipality and not for the benefit of individuals composing the public. They were already sufficiently secured

in their right to have safely passable sidewalks through the obligation imposed by the municipal charter, and indemnity was provided for any damages that might be sustained as a result of the municipality's negligence through the common-law liability of the corporation. *Knoxville* v. *Felding*, 153 Tenn., 590, 285 S. W., 47.

We conclude, therefore, that the ordinance was designed to furnish the corporation a means of discharging its duty to keep the sidewalk in repair through appropriate action under the ordinance against the offending abutting property owner. That being true, the defendant would not be liable to the plaintiff for injury sustained as result of the municipality's omission to safely maintain the sidewalk. *Carter* v. *Redmond*, 142 Tenn., 263, 218 S. W., 217.

Affirmed.