## RILEY v. DUN & BRADSTREET, Inc.
### No. 11152.

United States Court of Appeals
Sixth Circuit.

Jan. 16, 1951.

Whitworth Stokes, Nashville, Tenn., Frank J. Glankler, Memphis, Tenn., Frank J. Glankler, Memphis, Tenn., on brief; Canale, Glankler, Little, Boone & Loch, Memphis, Tenn., Whitworth Stokes, Nashville, Tenn., of counsel, for appellant.

Sam P. Walker, Memphis, Tenn., Sam P. Walker, Memphis, Tenn., on brief; Chester Bordeau, New York City, Waring, Walker, Cox & Lewis, Memphis, Tenn., of counsel, for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In a suit for libel by Riley against Dun and Bradstreet, the complaint, as amended, contained three counts, the third charging a conspiracy entered into by the appellee with its own officers, employees and agents to injure Riley and to destroy his business and reputation. Upon a subsequent motion to make count 3 more definite and in response to an order sustaining the motion, Riley alleged that the said appellee had entered into the conspiracy with the Chicago Bridge and Iron Company in 1940, which was evidenced by letters between November 7 and November 14, 1941. The appellee moved for summary judgment on its motion to dismiss count 3 on the ground that the appellant had made a settlement with the Chicago Bridge and Iron Company on February 11, 1947, whereby in consideration of the sum of $19,000, he released the Chicago Bridge and Iron Company, its successors and assigns, from any and all claims growing out of anything that had occurred prior to the execution of his release.

■ It seems clear from the allegations of count 3, as amended, that they recite that the appellee had engaged in a conspiracy with the Chicago Bridge and Iron Company, that the appellee was a party to this conspiracy and had committed overt acts in furtherance of it during the period of November 7 to November 14, 1941. The appellee and the Bridge Company were therefore joint tort feasors in the alleged conspiracy prior to the date of the release. Upon consideration of the law of Tennes-

see here applicable, the rule there is that damages done the injured party may be recovered against them in joint and several actions; that the whole injury is committed by each and each is liable for all of the damages inflicted. Swain v. Tennessee Copper Co., 111 Tenn. 430, 78 S.W. 93, and since it is a basic principle that each conspirator is responsible for the execution of the common design, Brumley v. Speedway & Motordrome Co., 138 Tenn. 534, 198 S.W. 775, it follows that one may not recover duplicate damages and a settlement with one joint tort feasor is a settlement with all. Smith v. Dixie Park & Amusement Co., 128 Tenn. 112, 157 S.W. 900.

■ We do not overlook appellant's allegation that the conspiracy continued to the date of the complaint below, but there is only one conspiracy alleged, no overt acts are claimed to have been committed subsequent to the date of the release, and new or continued agreement following a release is not a conspiracy without overt acts in its pursuance.

The order to dismiss count 3 is, therefore,

Affirmed.