RILEY v. DUN & BRADSTREET, Inc.

No. 11488.

United States Court of Appeals
Sixth Circuit.

April 15, 1952.

Whitworth Stokes, Nashville, Tenn., Frank J. Glankler, Memphis, Tenn. (Frank J. Glankler, Memphis, Tenn., Whitworth Stokes, Nashville, Tenn., Canale, Glankler, Little, Boone & Loch, Memphis, Tenn., on the brief), for appellant.

Sam P. Walker, Memphis, Tenn. (Sam P. Walker, Memphis, Tenn., Chester Bordeau, New York City, Waring, Walker,

36. Keezer, Marriage and Divorce, 3d Ed.1946, § 568.

Cox & Lewis, Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

## PER CURIAM.

The appeal is from a summary judgment, dismissing the suit of the appellant, and the cause is here for the third time. The action was for libel by alleged untruthful and malicious reports circulated to its subscribers by the appellee, designed to injure the reputation and business of the appellant and having that effect.

By opinion in 6 Cir., 172 F.2d 303, we reversed an order dismissing the complaint which contained two counts and remanded the cause for trial upon the merits. Upon such trial the jurors failed to agree. Before retrial the appellant amended his complaint by adding a third count which, as amended, charged a conspiracy between the appellant and the Chicago Bridge & Iron Company, and others, to destroy the appellant's business. It adopted, as overt acts, the libels alleged in the original complaint. Upon motion by the appellee for a summary judgment, it represented to the court that the appellee and the Chicago Bridge & Iron Company were joint tort-feasors that in count III the appellant had alleged both in respect to the conspiracy and in respect to the libels charged in the complaint, that the Chicago Bridge & Iron Company had made a valid settlement of all issues by the payment of $19,000.00 to the appellant and had secured from it a complete release, in broad terms, of all claims against it by the appellant. Upon presentation of this release, the motion for summary judgment was granted, and count dismissed. Upon appeal from the order of dismissal and in conformity with Tennessee law, we affirmed, 6 Cir., 186 F.2d 500.

When the case was again considered by the district court, the appellee once more moved for a summary judgment of dismissal of counts I and II but this time on the ground that since the overt acts alleged to support the conspiracy charged therein were themselves actionable and since it had been held by us that the appellee and the Bridge company were thus joint tort-feasors, the Bridge company's settlement with the appellant released the appellee from all claims sought. The court agreed and entered the summary judgment of dismissal. From its order the appellant again appeals.

It has been held upon a close study of decided cases that where conduct is in itself tortious, allegations that it was committed pursuant to a conspiracy add nothing to the complaint, although conduct otherwise innocent may sometimes become actionable if done in concert, Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187. Allegations of conspiracy neither add to nor detract from the wrong of intentional and unjustifiable destruction of a person's business—they are important only to show that the wrong was committed jointly and, if jointly, the settlement made by the Bridge company and the release given to it by the appellant absolves the appellee from all liability to answer to the appellant for the wrongs charged in counts I and II.

The contention of the appellant that count III having been dismissed from its complaint may not now be considered as establishing the joint tortious conduct of the appellant and the Bridge company must be rejected. Count III remains in the record. While no separate recovery could have been had upon it, the appellant, by formal complaint as well as by repeated argument to the jury, had sufficiently established his view that injury was due to the joint tortious conduct of the appellee and the Bridge company. Likewise, must be rejected the contention, that our decision upon the first appeal that counts I and II stated a cause of action has become the law of the case. To say that a complaint is sufficient is not to rule upon the merit of its allegations. The joint character of the wrongs alleged is now clear. We give no consideration to the argument that it is the appellee which now seeks to inject the conspiracy into the case. Our decision in 6 Cir., 186 F.2d 500 assumes the joint wrong and judgment of release by the settlement of one of the wrongdoers is based upon it. If there is here any law of the case, that is it.

Judgment affirmed.