**Arizona H. BROWDER, Appellant,**

**v.**

**CITY OF SWEETWATER, Tennessee and Joseph A. Sizer, Appellees.**

**Charles D. BROWDER, Appellant,**

**v.**

**CITY OF SWEETWATER, Tennessee and Joseph A. Sizer, Appellees.**

Supreme Court of Tennessee.

Feb. 22, 1972.

Edwin C. Harris, Madisonville, for appellants.

Frank N. Bratton, Athens, for City of Sweetwater.

Higgins & Biddle, Athens, for Joseph A. Sizer.

## OPINION

HUMPHREYS, Justice.

Mr. and Mrs. Browder sued the City of Sweetwater, a municipal corporation in Monroe County, Tennessee, and Joseph A. Sizer, the owner of property abutting on a sidewalk and street in the City of Sweetwater, for damages for personal injuries suffered by Mrs. Browder, and related conjugal loss, and expenses suffered by Mr. Browder, because of these injuries to his wife, alleging in a two-count declaration that Sizer and the City had jointly obstructed the sidewalk on which Sizer's property abuts in such a negligent manner as to cause Mrs. Browder to trip and fall over the obstruction, or, alternatively, as alleged in the second count, that Sizer had obstructed the sidewalk with the knowledge and consent of the City of Sweetwater, which had permitted the obstruction to exist after notice, actual or constructive, up until the time of Mrs. Browder's injury.

Sizer demurred on the ground that he and the City of Sweetwater could not be joined as defendants, because of the opinion of this Court in Hale v. City of Knoxville, 189 Tenn. 491, 226 S.W.2d 265. The City of Sweetwater demurred, generally, that the suit could not be maintained against it and Sizer for an obstruction of the street or sidewalk, and that the City was only liable for obstructions placed in the street or on the sidewalk by its employees, and therefore there was no privity between the City and Sizer.

The trial judge sustained both demurrers on the authority of *Hale* and we have the cases on appeal, with error assigned as to the court's rulings.

▬▬ The statement in *Hale* that supports the idea that a municipality and an abutting property owner cannot be joined in a suit such as this, is a quote from Prosser on Torts, (1941 Ed.). But we do not think this quote is controlling. (1) The quote was not expressly approved in the opinion; (2) the case was not decided on the basis of this rule; (3) the rule as quoted is based on considerations that have no application in Tennessee.[1]

Hale sued the City of Knoxville and two private corporations operating public parking lots abutting on a sidewalk of the city for damages for personal injuries allegedly sustained when, as a pedestrian, he slipped and fell on an ice-covered public sidewalk in the city, at a place where the property of the private corporation abutted. The suit was dismissed on demurrer, on grounds of misjoinder of parties and repugnance in the statements of the causes of action in the counts of the declaration. Although the opinion quotes from Prosser, the case was not disposed of on this authority. After the rule was quoted it was abandoned and not followed. To the contrary, the opinion points out that the first count of the declaration is based on the municipality's performance of its governmental function in flushing the streets and sidewalks of the downtown business district of Knoxville, while the suit against the corporate parking lot operators, in the second count, was based on their negligently opening a hydrant and causing a flow of water over the sidewalk which froze. As to this, *Hale* says, "Clearly, these two statements are irreconcilable and repugnant. The general principle is well settled that where two or more parties are acting each for himself, in producing a result which injures the plaintiff, they cannot be held jointly liable for the acts of each other." (Citing cases). The opinion points out, on authority of Swain v. Tennessee Copper Co., 111 Tenn. 430, 78 S.W. 93, and a number of other cases, that the negligence complained of against joint tort-feasors must be common to the two, and cannot consist of separate acts, one of which may have been done under governmental immunity.

The actual holding of *Hale* is summarized in the opinion on the Petition to Rehear wherein it was said:

". . . . We then undertook to point out the fatal defect in the entire cause of action, which was that the pleader had undertaken to join the City of Knoxville and the operators of the parking lot and had alleged facts which conclusively showed that the defendants were not joint tort-feasors. 'A joint tort is essential to the maintenance of a joint action.' Swain v. Tenn. Copper Co., 111 Tenn. 430, 445, 78 S.W. 93, 96.

"Under the allegations of the declaration the defendant City was not liable because the flushing of its streets was the performance of a governmental function. Conelly v. Nashville, 100 Tenn. 262, 266,

1. "(8) While apparently deploring the rule and its technicality, Prosser in his work on Torts (1941 Ed.), sec. 109, p. 1099, states that Courts refuse to allow a City and a property owner responsible for the condition of the sidewalk to be sued together. A number of cases are cited in support. The reason given in some of these authorities is the distinction that must be made between the rules of liability of a municipal corporation on the one hand, and of a private owner or occupant on the other. Also, that there may be a situation where one of the defendants must indemnify the other, either on account of the primary liability of the municipal corporation under the common-law, or on account of a change in the rule of the common-law and a shifting of that primary liability by ordinance to the property owner." 189 Tenn. 499, 226 S.W.2d 268. In Tennessee no such problems exist. The rule here is that municipalities are liable with abutting property owners for their concurrent negligence in making sidewalks unsafe for pedestrians. Osborn, et al. v. City of Nashville, 182 Tenn. 197, 185 S.W.2d 510.

46 S.W. 565, and under the allegations of the declaration, the operators of the parking lot, who, it was charged, had left a hydrant running, and so caused an icy condition of the sidewalk, were not liable to third persons for a violation of the City ordinance in that regard. Herbin v. Smith, 168 Tenn. 112, 76 S.W.2d 107.

"Clearly, the act of leaving the hydrant running the act of flushing the City streets were not concerted nor joint acts, but were entirely separable in time and agency. The petition to rehear contains absolutely nothing to excuse this clear misjoinder of parties, nor the attempt to charge in a single action, two defendants who are clearly not joint tort-feasors. There is, therefore, nothing in the petition to rehear, even if we admit its criticism as valid, which we do not, which would change the result reached. The fundamental defect in the declaration was the misjoinder and other matters aside, that of itself necessitated the dismissal of the action."

189 Tenn. 503–504, 226 S.W.2d 270.

This opinion on the Petition to Rehear states the basis of the Court's opinion sustaining the demurrer. This does not include the proposition that a municipality and an abutting property owner who are in pari delicto cannot be joined as joint tort-feasors for their joint commission of a single act of negligence.

█ *Hale* quotes from Swain v. Tennessee Copper Co., supra, a statement as to who are joint tort-feasors, and so may be joined as defendants, and we quote it here with approval, and as being determinative of the right to maintain this action (just as it was authority that *Hale* could not be maintained).

The Tennessee definition of joint tortfeasors, which has been frequently quoted and often applied is: "When a tort is committed by two or more persons jointly, by force directly applied, or in the pursuit of a common purpose or design, or by concert, or in the advance-

ment of a common interest, or as the result and effect of joint concurrent negligence, there is no doubt but that all the tortfeasors are jointly and severally liable for all the damages done the injured party, and that these damages may be recovered in joint or several actions, although the wrongful conduct or negligence of some may have contributed less than that of others to the injury done."

111 Tenn. 430, 438, 78 S.W. 93, 94.

Reference to encyclopedic authorities shows the general rule to be that a suit of this character can be maintained against a municipality and an abutting property owner. In 17 McQuillin, Municipal Corporations, § 49.23, at 208–209, (3rd Ed. 1968), Revised Volume, it is said, "It is generally conceded that an individual and a municipality properly may be joined as defendants in a (tort) action".

In 19 McQuillin, Municipal Corporations, 3rd Ed. § 53.47 at page 127, the quotation in Hale v. Knoxville, supra, from Prosser is recognized, but it is then said that it is "the general rule that where two or more parties, by their concurrent wrongdoing, cause injury to a third party, they are jointly and severally liable." The text says that this rule has been applied to wrongs for which liability rests both on municipalities and contractors, municipalities and abutting property owners, municipalities and railroads, and municipalities and other political subdivisions.

To the same effect is the text in 63 C.J. S. Municipal Corporations § 932 at pp. 388–389, where it is stated that:

"The general rules as to necessary or proper parties defendant ordinarily are applicable to tort actions against municipal corporations, except as modified by statutory or charter provisions relating expressly to such actions. Thus, in a proper case, an individual and a municipality may be joined as defendants . . . . . Where a municipality and an abutting owner, contractor, or other private person whose negligence caused the injury are responsible as joint tort-fea-

sors, as where an injury is the result of neglect to perform a common duty resting on the municipality and such person or owner, although there is no concert of action between them, the person injured may at his election join the municipality and abutting owner or other negligent person as codefendants . . . . "

Moreover, Prosser, in the latest edition of his textbook, asserts that the rule quoted by the Court in Hale v. Knoxville is contrary to the weight of authority. Prosser, Torts, § 47 at 295 (4th Ed. 1971).

It necessarily follows, from *Swain* and *Osborn*, that there is no misjoinder in this case, where it is alleged that the City and Sizer jointly maintained the dangerous obstruction or, in the alternative, that Sizer maintained the obstruction in a dangerous condition with the knowledge and consent of the City, in violation of its duty to keep its sidewalks in reasonably safe condition for pedestrian use. The judgments of the trial court sustaining the demurrers are set aside and the cases are remanded for trial.

DYER, C. J., CRESON and McCANLESS, JJ., and JENKINS, Special Judge, concur.