CITY OF MEMPHIS *v.* McCRADY.

(*Jackson*, April Term, 1938.)

Opinion filed Dec. 17, 1938.

Petition to Rehear Denied Feb. 4, 1939.

WILLIAM GERBER and JOHN L. EXBY, both of Memphis, for City of Memphis.

JOSEPH H. NORVILLE and CARLTON WILKES, both of Memphis, for McCrady.

MR. JUSTICE COOK delivered the opinion of the court.

Mrs. McCrady fell upon a sidewalk on the west side of Hastings Street in the City of Memphis, and her arm was broken and she was otherwise injured. It was charged in the declaration and shown by proof that she was tripped by a block of concrete sidewalk that extended two and a half inches above the adjacent block.

In an opinion filed December 6, 1935, the judgment of the trial court, based upon peremptory instructions to the jury, was reversed and remanded. The only question involved on that appeal was the action of the trial judge in holding the notice to the city of the accident insufficient. No other question was involved on that appeal. Upon remand, the cause was tried again and resulted in a verdict for two thousand dollars damages. Upon appeal from the judgment entered at that trial, the Court of Appeals, after reviewing the facts, found want of negligence on the part of the defendant, and reversed the judgment, holding that the trial judge should have directed a verdict.

The question presented by this appeal is whether or not a block of the concrete pavement projecting at the expansion joint two and a half inches above the adjoining block, and upon which Mrs. McCrady struck her heel and tripped, was a dangerous obstruction from which injury might have been reasonably anticipated. There is a diversity of opinion as to the depth of a depression or the height of an obstruction on a sidewalk that of itself constitutes a dangerous obstruction amounting to negligence, for which pedestrians who stumbled upon them and suffered injury could recover damages. Cases are cited by the Court of Appeals wherein it is held that such obstructions from two to five inches in height are regarded as trivial and insufficient to support a recovery of damages. It is to be noted that some of these opinions depend upon the application of a local statute, and each case rests upon its peculiar facts.

We have no statute measuring liability of municipalities for injury resulting from defects in sidewalks. This case is to be determined by reference to the common

law. In *Elrod* v. *Franklin*, 140 Tenn., 228, 204 S. W., 298, the town of Franklin was held liable for injury caused by falling over a curb box that projected two or three inches above the surface of the sidewalk. It is to be noted that the box which constituted the obstruction was placed in the sidewalk by agents of the town in violation of its own ordinance.

In *Park City* v. *Owens*, 7 Tenn. Civ. App. (7 Higgins), 359, the injury was caused by a fall from the sidewalk into a gully. It is to be inferred from the language of the opinion that the proximity of the gully to the sidewalk constituted a danger from which injury might be anticipated. The facts show a combination of circumstances contributing to the injury. A plank used by the contractor in constructing the concrete sidewalk was left projecting from one to two inches above the surface near the edge of the sidewalk and the gully. The plank was partially concealed by grass and was near the gully, which was three feet wide, twelve inches deep, and rough at the bottom, into which plaintiff fell when tripped by the projecting plank. The case was submitted to the jury on the question of whether the facts presented a dangerous situation from which injury might be anticipated.

*Jackson* v. *City of Nashville*, 17 Tenn. App., 413, 68 S. W. (2d), 137, was submitted to the jury upon the controverted question as to the depth of a hole in a street devoted to the use of pedestrians, and whether the hole was so situated as to create a danger from which injury might be anticipated. In none of the cases is the height or depth of the obstruction made the test of negligence. Liability is dependent upon the breach of duty imposed by law upon municipalities to guard against dangerous obstructions on the sidewalk, and the municipality is

liable when it appears that the obstruction constituted a danger from which injury might be reasonably anticipated. The municipality cannot be held as an insurer, nor can it be charged with the duty to correct slight defects in sidewalks resulting from inequality in the expansion joints, produced by natural causes, where the inequality or unevenness does not make a dangerous obstruction calculated to produce injury to persons exercising reasonable care. And so, where the evidence is conflicting, or the facts such as to authorize different inferences as to whether the defect is a dangerous obstruction calculated to cause injury, the case must be submitted to the jury, but, where the defect or obstruction is such that reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed.

■ The injury to plaintiff resulted from striking her heel against an uneven section of the sidewalk. As she was walking along the pavement in daylight, her heel struck against a rise at the expansion joint which projected two and a half inches above the adjacent block, and the fall upon the pavement injured her. There was nothing unusual about the situation surrounding plaintiff at the time. The projection at the expansion joint extended evenly all the way across the sidewalk. It was a defect that did not obstruct the use, and it could not be foreseen or anticipated that injury would result from use of the sidewalk in the exercise of reasonable care. The undisputed facts present no issue for the jury. The only inference is that it could not be reasonably foreseen or anticipated that injury would result from use of the

sidewalk by persons exercising ordinary care. Under such circumstances, the Court of Appeals properly held that a verdict should have been directed.

The judgment of the Court of Appeals is affirmed.