RYE v. CITY OF NASHVILLE.—156 S. W. (2d), 460.

Middle Section.   May 24, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

Hofstetter & Hofstetter, of Nashville, for plaintiff in error.

W. C. Cherry, Charles G. Blackard, and E. C. Yokley, Jr., all of Nashville, for defendant in error.

FELTS, J.   Mrs. Rye fell and was injured on the sidewalk near Number 1804 Cephas Avenue, Nashville, when her foot struck a block of the concrete sidewalk which was about two inches higher than the adjacent block.   She brought this action against the City of Nashville to recover for her injuries.

At the close of the evidence for plaintiff the trial judge directed a verdict for the City upon the ground that the defect in the sidewalk was not actionable.   She appealed in error and insists that this was a question for the jury.

The accident happened May 28, 1940, between 9 and 10 A. M.   Mrs. Rye was 62 years of age and wore bifocal glasses.   She lived in another section of Nashville and had no knowledge of the condition of the sidewalk where she fell.   It was made of concrete laid in sections or blocks, and was 5 or 6 feet wide.   In the sidewalk on its west side, the side next to Cephas Avenue, there was a telephone or an electric light pole, the pole being about 15 inches east of the west edge of the sidewalk.   On the east side of the sidewalk there was a hedge on the premises at 1804 Cephas Avenue.   Also there was a mulberry tree some 4 or 5 feet east of the east edge of the sidewalk.

This tree had heavy foliage and some of its limbs or branches extended over the sidewalk. These branches were some 5 or 6 feet above the sidewalk. The sun was shining, causing the hedge and foliage to cast shadows on the sidewalk. The expansion joint in the concrete was a few inches north of the pole and extended straight across the sidewalk from the west to the east side. At this joint some of the concrete was broken off and jagged and the block of concrete just north of this joint projected about 2 inches higher than the block south of the joint. A photograph sent up shows the situation at this joint but does not show all the foliage east of the sidewalk. Mrs. Rye had got off the street car and was walking north along the sidewalk between its center and the hedge. She observed the foliage overhanging the sidewalk and was "just walking along looking ahead like anybody else would, not thinking about falling." She did not notice the "raised place" in the sidewalk until her toe struck it and caused her to fall. She suffered bruises about her face, knee, leg and her left forearm was fractured near its lower end "involving the joint."

In City of Memphis v. McCrady, 174 Tenn., 162, 124 S. W. (2d) 248, a concrete block of the sidewalk projected at an expansion joint 2½ inches above the adjoining block. Mrs. McCrady struck her heel against this projection, fell and was injured. The Court, reviewing other cases, held that a municipality had no duty to guard against such a defect because it could not be reasonably foreseen that it would cause injury to one using the sidewalk in the exercise of reasonable care; and that a verdict should have been directed for the defendant. In Batts v. City of Nashville, 22 Tenn. App., 418, 123 S. W. (2d) 1099, the concrete sidewalk contained a hole or depression ranging from 1 to 3 inches in depth and from 12 to 18 inches in width. Mrs. Batts stepped into this hole, fell and was injured. The court, following many authorities cited, held that the defect was not actionable because it could not be reasonably anticipated that such a defect would probably cause injury to one using the sidewalk with reasonable care; and that a verdict was properly directed for the defendant.

The Batts case pointed out the difficulty of drawing the line between actionable and nonactionable defects; and the McCrady case noted the diversity of judicial opinion as to the depth of a depression or height of an obstruction in the sidewalk that of itself constituted a dangerous obstruction amounting to negligence. In both of these cases the degree of danger or probability of injury from the defect was made the test of liability. Of course, anything which in fact causes harm is to some degree dangerous; but to impose liability the thing must be dangerous according to common experience. Illinois Cent. R. Co. v. Nichols, 173 Tenn., 602, 613, 118 S. W. (2d), 213, 217. According to common experience defects like those in the McCrady

and Batts cases are not so dangerous that harm may reasonably be expected to result from them. The probability that they will cause injury to pedestrians using the sidewalk with reasonable care is too remote to impose upon municipalities the burden and expense of preventing them or the duty of guarding against them. We think this is true of the defect in the present case.

Learned counsel argue that there is in this case a combination of elements of danger not present in those cases; that the dark-colored telephone pole, the hedge and foliage and the shadows cast therefrom on the sidewalk made the defect so dangerous that it might be reasonably anticipated that injury would result therefrom; and that whether this was so was at least a question on which reasonable minds might differ and, therefore, a question for the jury. The conditions of visibility were no worse in this case than in the Batts case. In that case the accident happened at night. It was dark, raining and snowing. We think there is no material distinction between this case and the McCrady and Batts cases, and this case is governed by those, and we need not review the cases cited from other jurisdictions.

The judgment of the circuit court is affirmed. Plaintiff in error will pay the costs of this appeal in error.

Crownover, P. J., and Howell, J., concur.