## CITY OF KNOXVILLE v. FERGUSON et al.—241 S. W. (2d) 612.

Eastern Section. March 13, 1951.

Petition for Certiorari denied by Supreme Court, June 16, 1951.

586

Richard L. Carson, of Knoxville, for plaintiff in error.

Chas. H. Davis, of Knoxville, for defendant in error.

HOWARD, J. Referring to the parties as they appeared below, this appeal presents two consolidated cases in which the plaintiffs, Mr. and Mrs. John R. Ferguson, sued the defendants, City of Knoxville and Farragut Operating Company, owner and operator of the Farragut Hotel. Mrs. Ferguson sued the defendants for damages for personal injuries sustained by her in a fall after stepping into some slick or slippery substance on the sidewalk in front of said hotel, and her husband sued the defendants for loss of services and medical expenses resulting from his wife's injuries. The declarations allege (1) negligence on the part of the defendants in failing to remove the slippery substance from the sidewalk after notice or knowledge thereof, (2) that said substance constituted a nuisance which the defendants failed and neglected to abate; and (3) that defendants failed to barricade, light or otherwise give notice to the public of the presence of the slippery substance.

Demurrers filed by the Farragut Operating Company grounded on misjoinder of parties defendant were sustained by the court, leaving the City of Knoxville as the sole defendant in the case. Subsequently thereto the City of Knoxville also filed demurrers based on substantially the same grounds, which were overruled. At the conclusion of all the evidence the City's motion for directed verdicts was also overruled and the trial resulted in jury verdicts for the plaintiffs. These verdicts were approved by the court and the City has appealed, assigning errors, which will be hereinafter considered.

The proof shows that Mrs. Ferguson was injured on May 6, 1947, at about 7 p.m., when she fell and fractured

her hip as result of having stepped into a pool of slippery substance (reported to have been lysol), on the sidewalk immediately in front of the Farragut Hotel, on Gay Street in the City of Knoxville. Mrs. Ferguson was immediately rushed to the hospital by a friend where she was bedfast for eleven days. She was then removed to her home where she remained in bed for 4 or 5 months. Thereafter she was compelled to use a wheel chair and crutches for nearly a year, and on the date of the trial she had not completely recovered. At the time of the accident she was regularly employed as assistant cashier at the Deaver Dry Goods Company, a Knoxville concern, earning $200 per month and also an annual bonus of $300. According to the medical proof she has a permanent disability of approximately 25%. No question has been made regarding the amounts of the verdicts.

The broken bottle of lysol was apparently dropped on the sidewalk by an unknown shopper who thoughtlessly went on his or her way without realizing the danger that might result therefrom. The pool of lysol covered a small area near the middle of the sidewalk of approximately 2½ to 3 feet, and was first discovered by Dr. Eugene Jenkins and Roy Montgomery between 5:20 and 5:30 p.m., more than an hour before the accident occurred, when one of them stepped into it and nearly fell. Thereafter both of these men remained nearby for several minutes warning others of the danger. At 5:45 Dr. Jenkins reported the dangerous condition of the sidewalk to Frank Workman, a city police officer on duty nearby, and requested that he do something about it. Apparently this officer did not consider the situation as dangerous as he never reported the matter to the City's Department of Streets. He did, however, report the condition to one of the bell boys at the Farragut Hotel about 6 o'clock, with

the suggestion to the boy that he do something about it. He then went off duty, got in his car and went home. Just why he never reported the matter to the desk clerk or some responsible person connected with the hotel was never explained. It appears from the proof that the danger could have been alleviated by the spreading of one or two shovelfuls of ashes or cinders over the lysol.

■ Complaint is made here that the trial court erred in overruling the demurrers filed by the defendant City based on grounds of misjoinder of parties defendant. The record discloses that on August 30, 1947, the Farragut Operating Company demurred to each of the declarations on grounds of misjoinder of parties. These demurrers were sustained by the Court on December 9th, and the suits against the Operating Company dismissed. On September 12, 1947, motions were filed by the City to strike portions of the declarations, which were also sustained on November 17th. Plaintiffs did not appeal from either of the above rulings. It was not until April 21, 1948, more than four months after the suits against the Operating Company had been dismissed and when the City was the only defendant in the case, that its demurrers were filed. Therefore, the matters complained of had already been eliminated. There can be no misjoinder of parties where there is only one plaintiff or one defendant in the case.

It appears from the defendant's proof that its employees flushed and washed Gay Street and cleaned the adjoining sidewalks every night between the hours of midnight and 8 a.m., and that Section 35, Chapter 38 of the Knoxville City Code requires owners or occupants of buildings on Gay Street to sweep or clean the sidewalks in front of their respective buildings "between the hours of 8 p.m. and midnight, and at no other time."

In McQuillin on Corporations, it says: ". . ., it is settled law that if a defect in the street is caused (1) by the act of a third person, or (2) the failure of the municipality to repair in general, it is not liable, unless it (a) has actual notice of the defect, or (b) of such facts and circumstances as would by the exercise of reasonable diligence lead a prudent person to such knowledge." Vol. 19, 3rd Ed., Sec. 54.102, p. 369.

■ While a city does not warrant its sidewalks to be safe, it is liable for any damage caused by defective walks, which it knew or might have known, by exercise of reasonable care, to be defective. Brown v. City of Chattanooga, 180 Tenn. 284, 174 S. W. (2d) 466.

■ Under our authorities notice to a city's policeman of the existence of a dangerous condition on its streets and sidewalks is notice to the city. City of Nashville v. Nevin, 12 Tenn. App. 336; Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510. Therefore, the City of Knoxville had actual knowledge of the dangerous condition of the sidewalk prior to and at the time of the accident.

■■ It is urged on behalf of the defendant that the slippery substance did not create an actionable defect or obstruction on the sidewalk. Inasmuch as the undisputed proof shows that the substance was very slippery and that approximately one hour before the accident another person stepped into it, slipped and nearly fell, it was for the jury, the triers of facts, to say whether or not a dangerous condition existed. Jackson v. City of Nashville, 17 Tenn. App. 413, 68 S. W. (2d) 137; City of Maryville v. McConkey, 19 Tenn. App. 520, 90 S. W. (2d) 951; Batts v. City of Nashville, 22 Tenn. App. 418, 123 S. W. (2d) 1099; Osborn v. City of Nashville, supra. Likewise, the question of whether or not the defendant had

sufficient time within which to remove the danger, after notice and before the accident, was for the jury under proper instructions of the court. Questions of fact over which fair-minded men could reach different conclusions are for the jury. Johnson v. Ely, 30 Tenn. App. 294, 205 S. W. (2d) 759; Atlantic Coast Line R. R. v. Meeks, 30 Tenn. App. 520, 208 S. W. (2d) 355; Harrison v. Southern Ry. Co., 31 Tenn. App. 377, 215 S. W. (2d) 31.

Complaint is made of the trial judge's refusal to charge a portion of defendant's request No. 2, as follows: "Further the fact that the duty of removing said substance or obstruction has been imposed by the municipality upon the abutting owner or occupant may be considered, in which case the municipality may await the action of the abutting owner or occupant for a reasonable period."

 We think that this request was properly refused as the court had already instructed the jury that the defendant would not be liable "unless a reasonable time to remove said obstruction had elapsed, after notice . . ." Moreover, the primary obligation of keeping the sidewalks safe for the traveling public rests upon the defendant, and this obligation cannot be shifted to abutting property owners or occupants by ordinance. In Harbin v. Smith, 168 Tenn. 112, 76 S. W. (2d) 107, 109, the Supreme Court said:

"The power of the municipality to control the sidewalk was absolute and was attended by an obligation to keep it in repair, either directly through its own resources or indirectly through measures designed to impose the expenditure for maintenance upon adjacent owners. For any omission of that duty resulting in injury to a traveler, the municipality was primarily liable. It could not shift that responsibility by ordinance to the abutting property owner without regard to the ability of such owner to

compensate persons injured by the municipality's failure to perform its duty.

"The weight of authority and of sound reason is that a municipality cannot shift its primary liability for an omission of duty to keep streets and sidewalks reasonably safe, and statutes and ordinances requiring abutting property owners to maintain sidewalks adjoining their premises do not operate to impose liability directly upon such owners for injury resulting to travelers in consequence of the municipality's omission of duty. (Citing cases.) . . .

"We think it clear that the duty imposed by this ordinance was for the benefit of the municipality and not for the benefit of individuals composing the public."

On appeals to this court, under our decisions, we must take the strongest legitimate view of the evidence in favor of plaintiff, construe it most favorably to him, and indulge all reasonable inferences to uphold the verdict. Western Union Tel. Co. v. Lamb, 140 Tenn. 107, 203 S. W. 752; Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984; Osborn v. City of Nashville, supra; Good v. Tenn. Coach Co., Tenn. App., 209 S. W. (2d) 43. Applying this rule to the present case, we think there was ample evidence to support the verdicts.

Accordingly, all assignments are overruled and the judgments below are affirmed at defendant's costs.

Hale and McAmis, JJ., concur.