**CITY OF GREENFIELD et al.,**
**Plaintiffs-Appellants,**

v.

**Charles T. BUTTS et al.,**
**Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section.

Feb. 12, 1979.

Certiorari Denied by Supreme Court
May 7, 1979.

Robert L. Hearn, Greenfield, David H. Welles, Dresden, William Michael Maloan, Harold T. Brundige, Martin, George C. Thomas, Jr., George C. Thomas, III, Dresden, for plaintiffs-appellants.

Harry Max Speight, Dresden, for defendants-appellees.

SUMMERS, Judge.

This action was brought by five municipal corporations located in Weakley County, in conjunction with other citizens and residents of the municipalities, in the Chancery Court of Weakley County, Tennessee. The suit sought to have the Quarterly Court of Weakley County restrained and enjoined from assessing and collecting taxes against the property owned by residents of the municipalities as long as the streets and roads within the municipalities were excluded from any benefit derived from the collection of real property taxes authorized by Chapter 640 of the Private Acts of the Tennessee General Assembly which were passed in 1949. In the alternative, they asked that the Quarterly Court of Weakley County and the Board of Highway Commissioners be ordered to remit to the municipalities their pro rata share of all revenues derived from the taxes levied under the private act. The plaintiffs further prayed that the court declare the method of collecting and using county road taxes with regard to the city property owners a violation of the Constitutions of the United States and of the State of Tennessee.

Section 6 of Chapter 640, Private Acts of 1949, contains the following wordage:

Section 6. Be it further enacted, That said Board of Highway Commissioners shall have complete management and control of *all public roads and bridges*, (excluding highways which are a part of the State Highway System) in said County. . . . (Emphasis supplied)

The plaintiffs stated that persons living within the municipalities are taxed under the act at the same rate as persons living outside the municipalities, and the County Highway Commission has refused to apply any of the tax revenues collected under the authority of the act for the benefit of the streets and roads lying within the corporate limits of the municipalities.

The chancellor dismissed the plaintiffs' case, and this appeal resulted. The plaintiffs assigned as errors:

I. Appellants contend that the Chancellor erred in not holding that the application of Chapter 640 of the Private Acts of 1949 is unconstitutional as a violation of the equal protection clause of the United States Constitution. T.R. pp. 28–30.

II. Appellants aver that the Chancellor erred in construing that Chapter 640 of the Private Acts of 1949 does not apply to all roads within the boundaries of Weakley County, Tennessee, and that a certain portion of the road tax collected by the County of Weakley should not be distributed to the cities of Weakley County, Tennessee. T.R. pp. 28–30.

After reviewing the entire record, we adopt as a portion of our opinion the chancellor's memorandum opinion which applies to the second assignment of error:

The five municipalities of Weakley County filed this action against Weakley County and others to enjoin the collection of taxes assessed against property owned by municipal residents "so long as the municipalities are excluded from sharing in the tax revenues."

Chapter 640 of the Private acts of 1949 controls. The validity of this Act is unquestioned. It provides for the creation and maintenance of a public road system in Weakley County; vests the Board with management and control of all public roads and bridges, excluding those in the State Highway system; and authorizes a tax levy for the purpose of "securing funds for the proper construction, operation, and maintenance of the road system. . . ."

This tax is levied upon all property in Weakley County, and the plaintiffs insist that a portion of the revenues thereby derived should be allocated to the towns for the repair and maintanance [sic] of their streets. It is insisted that the town residents are being denied equal protection of the law since they are required to help defray the costs of maintaining town streets. It is also insisted that the Act does not exclude town streets, and that the language used "all public roads and bridges" should be interpreted to include town streets.

If town streets are to be included within the ambit of the Act, the Board of Highway Commissioners of Weakley County would be responsible for the repair and maintenance of them, to the exclusion of the several town street departments, and County residents would then present the same argument presently advanced; it seems clear that it was not the legislative intent to require the Board to repair and maintain town streets. Apparently recognizing this fact, plaintiffs seek an allocation of funds, or alternatively, to enjoin taxation of town property for county purposes.

It must be remembered that in Tennessee the County is the basic unit of government. As stated in *Earnest Vs. Greene County*, 138 Tenn. [442] 450 [198 S.W. 417], the real estate constituting . . a city or town . . . . is yet also a part of the County. Acts comparable to Chapter 640 have been uniformnly [sic] upheld, *King Vs. Sullivan County, 128 Tenn [393] 396 [160 S.W. 847], and cases cited*. In King, the County was authorized to levy taxes on all property in the County for the purpose of building roads outside Corporate limits, which is essentially the issue presently posed. The Court held that the taxation of property within corporate limits to build roads outside the city did not contravene Article I, Section 8 of the Constitution. To the same effect is the holding in *Malone Vs. Taylor*. A town resident has the same duty to support county government as does a non-town resident; each is a coun-

ty resident. As stated in *King*, "if this were not so, the school system . . . maintained . . . by tax levy . . would . . . fall because similar taxes are levied by the various municipalities. The extra taxation which a citizen of an incorporated town must pay is to support his municipal government. It has no relation to the duty he owes to contribute to the support of the County Government which affords him equal protection with every other citizen whether they reside within or without a municipality.

> "It is an extra burden which the citizen of a municipality bears for the benefit he derives from the municipal government."

Finally, it should be noted that assuming a degree of equity in plaintiffs' insistence upon allocation of tax revenues, the Act does not provide for allocation and the Court knows of no way, absent legislative action, that these revenues may be allocated.

Complaint dismissed.

/s/ W. H. Inman
Designated Chancellor

*King* and *Earnest, supra*, have well answered the question of the authority of the county to levy taxes on all property in the county for the purposes of building roads and highways outside the corporate limits.

A county is a creation of the general assembly, and in the case at bar the state delegated to the counties authority to completely manage and control all public roads and bridges. It is well settled in this state that the county does not have the power to lay off roads through towns. This is not the intention of the private act. The cases in Tennessee reflect that all public thoroughfares within the cities are referred to as *streets* and in the counties as *roads* or *highways*.

In looking to the definitions, the legal dictionaries are very clear on the distinction between *streets* and *roads and/or highways*. In *Bouvier's Law Dictionary*, Eighth Edition, we find the following:

Street. A public thoroughfare or highway in a city or village. It differs from a county highway; . . . .

Road. A passage through the country for the use of the people. . . . .

In *Black's Law Dictionary*, Revised Fourth Edition, the definition is more distinct:

Street. An urban way or thoroughfare; a road or public way in a city, town, or village, generally paved, and lined or intended to be lined by houses on each side.

. . . .

Road. A highway; an open way or public passage; a line of travel or communication extending from one town or place to another; a strip of land appropriated and used for purposes of travel and communication between different places.

. . . .

The Chancellor properly held that the road tax collected by the County of Weakley should not be distributed to the municipalities in the County of Weakley. There is a great deal of difference in the general make-up of a county and a municipal corporation in the operations of their *roads* and *streets*. It was held in *Cowan's Case* 1 Tenn. (1 Overt.) 331, that the county court has no power to lay off roads through incorporated towns or direct that they be laid off in lots, streets or alleys. In *City of Winchester v. Finchum*, 201 Tenn. 604, 301 S.W.2d 341 (1957), the court spoke and said:

The general rule is that a city holds its public ways, not in its governmental, but in its proprietary or corporate capacity, and it owes an absolute duty to exercise reasonable care to keep its streets and sidewalks safe for use in the ordinary modes by persons exercising reasonable care. *City of Memphis v. McCrady*, 174 Tenn. 162, 164, 124 S.W.2d 248, [249]; *Vinson v. Fentress*, 33 Tenn.App. 359, 370, 232 S.W.2d 272; *City of Nashville v. Brown*, 25 Tenn.App. 340, 345, 157 S.W.2d 612 [615] and cases there cited.

The second assignment of error is, therefore, overruled.

■ The first assignment of error addresses itself to the proposition that the private act is unconstitutional as a violation of the equal protection clause found in the 14th Amendment to the United States Constitution. We find no merit in this argument.

The County of Weakley applies a uniform tax rate on the real property regardless of whether it is inside or outside the corporate boundaries. The tax is uniformly applied to all county residents for the purpose of maintaining roads. The citizens of the municipalities are also citizens of the County of Weakley, and the citizens of Weakley County are responsible for the maintenance of the public roads and highways and bridges of Weakley County. The citizens of the municipalities are responsible for the streets in their individual municipality.

In *Smith v. Dunn*, 381 F.Supp. 822 (M.D. Tenn., 1974), the court speaks in regard to legislation in question as it applies to two classifications of citizens in Tennessee. Judge Morton defines the applicable test necessary and the distinctions therein:

■ In deciding the constitutionality of this distinction it is, of course, accepted that under the Fourteenth Amendment States need not treat all classes of persons identically. *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Carrington v. Rash, supra* [380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675]; *Manson v. Edwards*, 482 F.2d 1076 (6th Cir. 1973). The validity of state classifications under the equal protection clause is assessed with reference to one of two established standards of review. The traditional standard, or "rational basis test," "requires that a state classification be upheld unless there is no rational relationship between the classification imposed by the state and the state's reasonable goals." *Robinson v. Board of Regents*, 475 F.2d 707, 710 (6th Cir. 1973). In applying this standard courts recognize that "[l]egislatures are presumed to have acted constitutionally . . . and their statutory classifications will be set aside only if no grounds can be conceived

to justify them." *McDonald v. Board of Election*, 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969).

The second and more recent standard, the compelling state interest test, calls for a stricter standard of review where a classification, such as race, is inherently "suspect," or where a fundamental right of the complaining class is at stake. Under this standard a state must go beyond merely showing that its classification has a rational basis and establish that it is justified by a compelling state need. Among the fundamental interests calling for stricter scrutiny are the right to vote, *Dunn v. Blumstein, supra* [405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274]; the right to interstate travel, *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1960); and the right to procreate, *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942).

In choosing the appropriate standard in the instant case, we conclude that the statute under review must be upheld if it can be justified under the rational basis standard of equal protection review. . .

This court can find no invidious discrimination upon the residents of the five municipalities in Weakley County, and, therefore, we hold that the application of Chapter 640 of the Private Acts of 1949 is constitutional and does not violate the equal protection clause of the United States Constitution. The first assignment of error is overruled.

The judgment of the Chancery Court of Weakley County is affirmed in all things, and the costs of the appeal will be paid by the appellants.

MATHERNE and NEARN, JJ., concur.